USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 3/31/2021

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------X

REGUS MANAGEMENT GROUP, LLC,          :
a Delaware limited liability company, and   :
RGN-NEW YORK XLI, LLC, a Delaware     :
limited liability company,                        :
                                                        :
                                        Plaintiffs,   :
                                                        :
                    -against-                        :
                                                        :
                                                        :
JULIAN PEREZ, ALLISON MCCARTHY,      :
ARIEL ALCANTARA, and HEAVY GRIND     :
STUDIO, LLC, a New York limited liability   :
company,                                           :
                                                        :
                                        Defendants.  :

-------------------------------------------------------------X

19-CV-6766 (VEC)

ORDER

VALERIE CAPRONI, United States District Judge:

WHEREAS on February 21, 2020, the Court entered a default judgment against

Defendant Heavy Grind Studio, LLC, in an amount to be determined after the conclusion of

proceedings against individual Defendants Julian Perez, Allison McCarthy, and Ariel Alcantara,

Dkt. 68;

WHEREAS on February 11, 2021, after reaching a settlement agreement with the

individual Defendants, the Court so-ordered a joint stipulation voluntarily dismissing this action

as to the individual Defendants, Dkt. 91;

WHEREAS on March 22, 2021, Plaintiffs filed a letter motion seeking entry of an Order

of Final Default Judgment against Heavy Grind Studio, LLC, Dkt. 93; and

WHEREAS along with their letter motion, Plaintiffs filed a Proposed Final Default

Judgment, Dkt. 94, and the affirmation of Plaintiffs' counsel, Dkt. 95;

IT IS HEREBY ORDERED that not later than **April 7, 2021**, Plaintiffs must supplement their submissions in pursuit of a Final Default Judgment as to Defendant Heavy Grind in accordance with this Order.

1. Plaintiffs allege damages for "Repair Expenses (Labor and Supplies)" in the total amount of $24,803.89. By the Court's calculations, the receipts submitted in support of this amount total only $23,006.89. Similarly, the documents submitted in support of Plaintiffs' claim to have suffered an overall loss of revenue totaling $138,035 evidence a seemingly different monthly rate than that used to calculate this sum in Plaintiffs' affidavits. Plaintiffs must explain these apparent discrepancies and submit additional documentation, to the extent necessary.

2. Plaintiffs' Proposed Final Default Judgment proposes July 1, 2019, as the date on which prejudgment interest began to accrue. Plaintiffs must explain their basis for selecting July 1, 2019, as the date on which they assert prejudgment interest began to accrue.

3. Plaintiffs seek a declaration that Plaintiff Regus Management Group, LLC is the rightful owner of any personal property located at Regus' office. In their complaint, Plaintiffs assert their belief that the personal property was abandoned by a former tenant and that Defendants began using the property without any ownership rights or authority. Their complaint thus seeks "a determination as to the ownership of the Personal Property so that it may be properly disposed of or returned to the lawful owner," and further seeks reimbursement "for all costs incurred in securing and seeking the return of the Personal Property by anyone determined to be the rightful owner" and for any costs incurred in securing the property. Compl. ¶¶ 141–145. In the Proposed Final Default Judgment, Plaintiffs now seek a Court order declaring them the rightful owners of the property left at Regus' office. Plaintiffs must supplement their submission to explain why they are entitled to a Court order on a motion for a final default judgment in which the precise relief ordered is not sought in the Complaint itself and when a party in interest (the former tenant) is not a party to the action.

Further, because Plaintiffs and the individual Defendants agreed not to post their settlement agreement on the public docket, the Court is unable to confirm Plaintiffs' attestations concerning the content of the settlement. If any of the individual Defendants object to Plaintiffs' characterization of their settlement — as affording judgment against the individual Defendants and in favor of Plaintiffs in the amount of $75,000 and pursuant to which the individual Defendants disclaimed any and all claims of ownership or interest to any property left behind at

Plaintiffs' office — they must file a written objection on the docket not later than **April 15, 2021**.

**SO ORDERED.**

Date:  **March 31, 2021**
  **New York, New York**

_____
      **VALERIE CAPRONI**
      **United States District Judge**